

FILED

AUG 2 6 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-28395-C-7 |
| RODNEY E. LANE and MARSHA L. LANE, | DC No. PDM-1 |
| Debtors. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).



Findings of Fact

Debtors filed this voluntary chapter 7 petition on July 11, 2005. Debtors scheduled real property commonly known as 121 Woodhill Drive, Redding, California ("the property") as an asset of the estate. The property was scheduled as exempt in the amount of $10,098. The first meeting of creditors is scheduled for September 1, 2005.

On July 25, 2005, ABN AMRO Mortgage Group, Inc. ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to commence foreclosure proceedings against the property. The motion and declaration allege that the debtor owes the movant approximately $166,966.51. The value of the property is approximately $250,000. The other liens against the property total $82,681. Movant's motion requests attorney's fees and costs.

The court notes that debtors listed the amount owed to movant as $157,221 in their schedules.

No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the

automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

Using movant's numbers, not taking into account other liens against the property, debtors have equity in the amount of $83,033.49. Even taking into account the other liens, debtors have equity in the property. Because there is equity in the property, the motion will be denied as to the debtors.

The trustee did not file an opposition to the motion. Therefore, the motion will be granted as to the trustee.

Additionally, in light of the fact that movant's motion was unnecessary, the court denies movant's requests for attorney's fees and costs. The debtor is deemed to be the prevailing party for purposes of California Civil Code § 1717.

An appropriate order will issue.

Dated: August 26, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Rodney Lane
121 Woodhill Drive
Redding, CA 96003

Carol Arlin
1745 Yuba Street
Redding, CA 96001

John W. Reger
P.O. Box 933
Palo Cedro, CA 96073

*James Lewin for*
ABN AMRO Mortgage Group
1820 E. First Street, Suite 420
Santa Ana, CA 92705

Office of the United States Trustee
United States Courthouse
501 I St., Suite 7-500
Sacramento, CA 95814

Dated: 8/29/05

_____
Deputy Clerk